UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL GARCIA GARCIA,<br>Petitioner,<br>v.<br>WARDEN OF ADELANTO ICE PROCESSING, et al.,<br>Respondents. | Case No. 5:26-cv-06831-PD<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**<br>**A# 246-062-664** |

Angel Garcia Garcia ("Petitioner"), proceeding pro se, filed a verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] Dkt. No. 1. Pursuant to General Order 26-05, Respondents' answer was due November 20, 2026. Dkt. No. 7. Respondents did not file an answer by that deadline, and as of the date of this Order, have not filed a response. For the reasons stated below, the Petition is granted.

[1] Petitioner also filed a motion for appointment of counsel, Dkt. No. 2, and the Court referred this case to the Office of the Federal Public Defender ("FPD") to consider appointment of counsel. Dkt. No. 10. On November 23, 2026, the FPD filed a notice stating that it did not intend to appear on behalf of Petitioner. Dkt. No. 12.

## I. Background

The Petition contains the following allegations. Petitioner is from Mexico. Dkt. No. 1, Petition at 14.[2] He alleges he was arrested by immigration authorities on October 9, 2026. The Petition refers to a lawful permanent residence on November 15, 2000, as a minor of a refugee, that Petitioner's application was denied and his appeal of that decision is pending. *See id.* at 10. Petitioner also alleges he has cooperated with Immigration and Customs Enforcement ("ICE") by providing information about his country and providing fingerprints and information documents. *Id.* at 11. Petitioner has ties to the community as a member of a church and works full time to support his family. *Id.* Petitioner alleges ICE has no valid reason to "revoke and re-detain" him and there has been no "material change of circumstances" to justify his detention. *Id.* at 6. Based on Petitioner's Automated Case Information on the Executive Office for Immigration Review website, it appears he is in removal proceedings; his master hearing is scheduled for November 24, 2026. *See* https://acis.eoir.justice.gov/en/.

## II. Discussion

The Petition raises the following claims: (1) Petitioner's detention violates procedural due process because ICE detained him without any reason or chance to contest his arrest; (2) his detention violates substantive due process because Petitioner is not a danger or flight risk; and (3) ICE acted arbitrarily and capriciously when it revoked and re-detained him without a material change in circumstances. In the memorandum attached to the Petition, Petitioner also raises a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner seeks immediate release.

[2] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

Respondents have neither filed a notice of appearance nor an answer. The time has passed to comply with the briefing schedule, and so this Petition is deemed unopposed.

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Earlier this year, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

Here, Respondents did not meet this burden as they failed to provide an answer. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by

competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

## III. Order

For the foregoing reasons, the Petition is GRANTED.

Petitioner Angel Garcia Garcia (A# 246-062-664) is **ordered released** within 24 hours of this Order. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

At the time of release, **Respondents are ordered** to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATE: November 24, 2026

Patricia Donahue
United States Magistrate Judge